**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ALI JABBARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00206-TWP-TAB |
| | ) | |
| PARVIZ OMIDVAR, | ) | |
| OLIVER OMIDVAR, | ) | |
| LURIE, ZEPEDA, SCHMALZ, HOGAN & | ) | |
| MARTIN LLP, | ) | |
| STEVEN P. HOGAN ESQ., | ) | |
| M. DAMIEN HOLCOMB ESQ., | ) | |
| RACHEL KARTIN ESQ., | ) | |
| BODMAN PLC, | ) | |
| STEPHEN P. DUNN ESQ., | ) | |
| JOHN DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SETTING BRIEFING SCHEDULE, ENTRY ON JURISDICTION, AND
DIRECTING AMENDED NOTICE OF APPEARANCE**

On January 7, 2026, *pro se* Plaintiff Ali Jabbari ("Jabbari") initiated this action in Hamilton Circuit Court. On January 30, 2026, Defendants Parviz Omidvar and Oliver Omidvar (together, the "Removing Defendants") removed the action to this federal Court on the basis of diversity jurisdiction (Dkt. 1). Jabbari subsequently filed an Amended Complaint, which is the operative pleading (Dkt. 5), and an Emergency Motion to Remand (Dkt. 8); and the Removing Defendants filed an Amended Notice of Removal (Dkt. 6) and Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. 12).

To effectively manage the docket and ensure the existence of subject-matter jurisdiction, the Court **SETS** a **BRIEFING SCHEDULE** on the pending Motions to Remand and to Dismiss, **ORDERS** Removing Defendants to file a Supplemental Jurisdictional Statement, and **DIRECTS** counsel for Defendants to file an amended Notice of Appearance that conforms to the Local Rules.

## I.     BRIEFING SCHEDULE ON PENDING MOTIONS

Defendants are **ORDERED** to file a response, if any, to Jabbari's Motion to Remand (Dkt. 8) by no later than **February 25, 2026**. Jabbari may file a reply in support of his Motion to Remand within **seven (7) days** of Defendants' response.

Jabbari is **ORDERED** to file a response, if any, to Defendants' Motion to Dismiss (Dkt. 12) by no later than **February 25, 2026**. Defendants may file a reply in support of their Motion to Dismiss within **seven (7) days** of Jabbari's response.

This Order addresses only Jabbari's Motion to Remand and Defendants' Motion to Dismiss because no other motions have been filed in this federal court.[1]

## II.     ENTRY ON JURISDICTION

The Amended Notice of Removal ("Amended Notice") (Dkt. 6) fails to allege all the facts necessary to determine whether this Court has subject-matter jurisdiction over this case. The Amended Notice alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Amended Notice fails to sufficiently allege the citizenship of Defendant Lurie, Zepeda, Schmalz, Hogan & Martin LLP ("Hogan & Martin LLP") and Defendant Bodman PLC. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship

---

[1] Pursuant to this Court's Local Rule 81-2(e)(2), "[i]f any motion remains pending in state court at the time of removal, and if the movant wishes the District Court to rule on the motion, the party that initially filed the motion must refile the motion in the District Court case, and attach any responses thereto, within seven (7) days of the filing party's appearance."

of those members as well." *Id.* The same is true of partnerships. "A limited partnership is a citizen of every state of which any partner, general or limited, is a citizen." *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1073 (7th Cir. 1992).

The Amended Notice alleges that Hogan & Martin LLP "is a California corporation, with its principal place of business located at 1875 Century Pk E #2100, Los Angeles, CA 90067, United States." (Dkt. 1 ¶ 8). The Amended Notice does not mention Bodman PLC, even though Bodman PLC was added as a defendant before the Amended Notice was filed.

The Amended Notice does not adequately allege the citizenship of Hogan & Martin LLP and Bodman PLC to allow the Court to determine whether diversity jurisdiction exists. As its name implies, Hogan & Martin LLP is a limited liability partnership, yet the Amended Notice fails to identify the partners of Hogan & Martin LLP and their state(s) of citizenship. The Amended Notice likewise fails to allege the members of Bodman PLC, which appears to be a professional limited liability company. *See Meyerson*, 299 F.3d at 617 ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. Failure to go through all the layers can result in dismissal for want of jurisdiction." (citations omitted)); *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020) ("We've held repeatedly that there's no such thing as a [state name here] partnership or LLC, that only the partners' or members' citizenships matter, and that their identities and citizenships must be *revealed*. We do not blithely accept assurances along the lines of 'no one on our side is a citizen of the opposing litigant's state.'" (citation modified)).

In addition, neither the original Notice of Removal nor Amended Notice states whether Defendants Hogan & Martin LLP, Steven Hogan, M. Damien Holcomb, Rachel Kartin, or Stephen Dunn have been properly joined and served, and consent to or join in removal. The Removing

3

Defendants are required to explain the absence of those Defendants from the Amended Notice. *N. Ill. Gas Co. v. Airco Indus. Gases, a Div. of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982) ("[A] petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants.").

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[T]he parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

As the party asking this Court to invoke its jurisdiction, the Removing Defendants must properly allege the citizenship of each of the parties to establish subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, the Removing Defendants are **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the partners and members of Hogan & Martin LLP and Bodman PLC, respectively, and their state(s) of citizenship; and state whether the other Defendants properly joined and served at the time of removal consented to or joined in removal. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

4

### III.    AMENDED NOTICE OF APPEARANCE

Finally, the second Notice of Appearance filed by Attorney Stephen Dunn states that he "appear[s] in this action as counsel for all Defendants." (Dkt. 9); Attorney Dunn is **ORDERED** to file an amended Notice of Appearance specifically naming the parties or defendants he represents within **seven (7) days** from the date of this Entry. *See* S.D. Ind. L.R. 83-7(a)(1) (requiring attorneys to file an appearance for each party they represent).

**SO ORDERED**.

Date:    2/11/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ALI JABBARI
13421 Spring Farms Dr.
Carmel, IN 46032

Stephen Paul Dunn
Bodman Plc
sdunn@bodmanlaw.com