**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| ALI JABBARI,<br><br>        Plaintiff,<br><br>        v.<br><br>PARVIZ OMIDVAR,<br>OLIVER OMIDVAR,<br>LURIE, ZEPEDA, SCHMALZ, HOGAN &<br>MARTIN LLP,<br>STEVEN P. HOGAN ESQ.,<br>M. DAMIEN HOLCOMB ESQ.,<br>RACHEL KARTIN ESQ.,<br>BODMAN PLC,<br>STEPHEN P. DUNN ESQ.,<br>JOHN DOES 1-50,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 1:26-cv-00206-TWP-TAB |

## <u>ORDER ON MOTIONS TO STRIKE, REMAND, AND DISMISS,</u>
## <u>AND TRANSFERRING ACTION TO CENTRAL DISTRICT OF CALIFORNIA</u>

*Pro se* Plaintiff Ali Jabbari ("Mr. Jabbari") initiated this action on January 7, 2026, in

Indiana state court. On February 2, 2026, Defendants removed Mr. Jabbari's lawsuit to this Court

on the basis of diversity of citizenship. On February 3, Mr. Jabbari filed an amended complaint for

damages and injunctive relief. (Dkt. 5). Since this action was removed, Jabarri has filed a second

and third amended complaint (Dkts. 26 and 43), dozens of amended pleadings, and motions in

this Court. This matter is now before the Court on Defendants' Motion to Strike Mr. Jabbari's

amended complaints (Dkt. 52), Mr. Jabbari's motions to amend/correct the case caption (Dkts. 96,

117), Mr. Jabbari's multiple motions for remand (Dkts. 8, 16, 18, 23, 64, 84, 95, 111, 118), and

Defendants' motion to dismiss for lack of personal jurisdiction and improper venue (Dkt. 12). For

the reasons explained below, the Court **grants** Defendants' motion to strike and **denies as moot**

Mr. Jabbari's motions to correct the case caption, **denies** Mr. Jabbari's motions for remand, **denies**

Defendants' request for dismissal but **grants** their request for transfer, and **transfers** this action to the Central District of California.

## I.    BACKGROUND

These background facts are not intended to provide a comprehensive explanation of all the facts in this case; rather, it provides the background relevant to the issues before the Court.

This action stems from a contract between Mr. Jabbari and Parviz Omidvar, and a California state court lawsuit related to that contract. The specific details of the contract and California lawsuit are not relevant for purposes of the instant motions. In January 2026, Mr. Jabbari filed a lawsuit in state court in Hamilton County, Indiana (where Mr. Jabbari lives), against Oliver Omidvar (Parviz Omidvar's son) (Dkt. 1 at 9–20). Mr. Jabbari subsequently filed amended pleadings adding Parviz Omidvar, as well as a law firm (Lurie, Zepeda, Schmalz, Hogan & Martin, ACP ("Hogan & Martin")) and some of its attorneys (Steven Hogan, M. Damien Holcomb, and Rachel Kartin) who appeared in the California lawsuit. Mr. Jabbari generally alleges that Defendants have engaged in a pattern of defamation and other tortious conduct with the intent of ruining Mr. Jabbari's reputation.

Defendants Parviz and Oliver Omidvar, Hogan & Martin, and Attorneys Hogan, Holcomb, and Kartin removed Mr. Jabbari's Indiana lawsuit to this federal Court on January 30, 2026, on the basis of diversity jurisdiction (Dkt. 1). In the eight weeks since, roughly one hundred filings have been submitted, including the instant motions: Defendants' Motion to Strike Amended Complaints (Dkt. 52); Mr. Jabbari's motions to correct the case caption (Dkt. 96; Dkt. 117 (filed *ex parte*)); Mr. Jabbari's duplicative motions for remand (Dkts. 8, 16, 18, 23, 64, 84, 95, 111, 118); and Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. 12). The Court now rules on these motions, explains why transfer is appropriate, clarifies which motions remain pending, and admonishes Mr. Jabbari for his excessive filing practices.

2

## II.     LEGAL STANDARDS

### A.  Motion to Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." *Id.* § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

### B.  Motion to Dismiss for Lack of Personal Jurisdiction

Federal Rule of Civil Procedure Rule 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. When deciding a Rule 12(b)(2) motion, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff if they weigh on personal jurisdiction. *Int'l Med. Grp., Inc. v. Am. Arb. Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001). If the complaint, however, consists of conclusory allegations unsupported

by factual allegations, the complaint fails the liberal standard of Rule 12(b). *Id.* The complaint does not need to include factual allegations concerning personal jurisdiction, but if the defendant moves to dismiss under Rule 12(b)(2), the plaintiff "bears the burden of demonstrating the existence of jurisdiction." *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The extent of a plaintiff's burden is dependent upon the method by which the court determines the issue of personal jurisdiction. *Id.* "When the . . . court holds an evidentiary hearing to determine [personal] jurisdiction, the plaintiff must establish [personal] jurisdiction by a preponderance of the evidence." *Id.* But where, as here, the court determines personal jurisdiction based only on reference to submissions of written materials, the plaintiff simply needs to make a prima facie case of personal jurisdiction. *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).

In determining whether the plaintiff has met the prima facie standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423–24 (7th Cir. 2010). If the defendant has submitted evidence in opposition to the implementation of jurisdiction, however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 782–83. This evidence submitted by the defendant may include affidavits, unless the affidavits merely contain conclusory assertions that the court lacks personal jurisdiction over the defendant. *Id.* at 783 (quoting *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

The procedure for resolving a Rule 12(b)(3) motion is the same as for personal jurisdiction, accepting any factual findings as true unless contradicted by the defendant's affidavits. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2nd Cir. 2005); *see also Nagel v. ADM Inv'r Servs., Inc.*, 995 F. Supp. 837, 843 (N.D. Ill. 1998). The plaintiff bears the burden of establishing that

venue is proper. *Carroll v. CMH Homes, Inc.*, No. 12-cv-23, 2013 WL 960408, at *2 (S.D. Ind. Mar. 12, 2013). The court resolves any factual conflicts in the plaintiff's favor. *Id.* Further, the court is not obligated to limit its consideration to the pleadings when deciding a motion to dismiss under Rule 12(b)(3). *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809–10 (7th Cir. 2011).

### C. Pro se litigant

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted). However, it is also well established that *pro se* litigants are not excused from compliance with procedural rules. The Supreme Court has never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. Further, as the Supreme Court has noted, in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law. *Feresu v. Trs. of Ind. Univ.*, 2017 U.S. Dist. LEXIS 66452, at *18–19 (S.D. Ind. May 2, 2017) (citations and punctuation marks omitted).

### III.    DISCUSSION

### A.    The Operative Pleading

Mr. Jabbari has filed many, many complaints, both in state court and in this Court. In order to determine whether remand, dismissal, or transfer is appropriate, the Court must decide which of Mr. Jabbari's complaints is the operative one. Defendants based their Notice of Removal on Mr. Jabbari's First Amended Complaint (which was filed on January 13, 2026, in state court) "because [Mr. Jabbari] failed to seek leave to file any of the other amendments." (Dkt. 1 at 6 n.1). Defendants also move to strike the three amended complaints filed by Mr. Jabbari in this federal action, which were likewise filed without leave of Court (Dkt. 52).

The Court agrees with Defendants that while Mr. Jabbari was entitled to file his First Amended Complaint as a matter of right under the Indiana Trial Rules, he had no authority—under the Indiana Trial Rules, Federal Rules of Civil Procedure, or any court order—to file further amended complaints without first requesting leave to do so. The Court therefore **deems** Mr. Jabbari's First Amended Complaint filed on January 13, 2026, in the state court (Dkt. 1 at 21–31) to be the operative complaint. Defendants' Motion to Strike (Dkt. 52) is **granted**, and Mr. Jabbari's amended complaints filed at (Dkts. 5, 26, and 43), are **stricken**.

The Court also therefore **denies as moot** Mr. Jabbari's two motions to correct the case caption (Dkts. 96, 117). One of those motions was filed *ex parte* and under seal (Dkt. 117). The Court takes a moment to consider whether that filing should continue to be maintained under seal. "Documents that affect the disposition of federal litigation are presumptively open to public view . . . unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). This Court's Local Rule 5-11(b) describes the process that must be followed for filing a document under seal. A sealed document can be viewed by only "the court and its staff; the clerk's staff; and the attorneys who have appeared . . . and any pro se party in the case in which the document has been filed." S.D. Ind. L.R. 5-11(b)(1)–(3). Documents filed *ex parte* can be viewed by only the filing party, the court and its staff, and the Clerk's staff. Although no Local Rule specifically addresses *ex parte* filings, a court order is needed to maintain the document under seal given the general presumption that court records are available to the public.

In this court, Motions to file under seal are governed by Local Rule 5-11, which requires that the motion be accompanied by a brief in support including:

(1)  identification of each specific document or portion(s) thereof that the party contends should remain under seal;

(2)  the reasons demonstrating good cause to maintain the document, or portion(s) thereof, under seal including:

(A) why less restrictive alternatives to sealing, such as redaction, will not afford adequate protection;

(B) how the document satisfies applicable authority to maintain it under seal; and

(C) why the document should be kept sealed from the public despite its relevance or materiality to resolution of the matter;

(3) a statement as to whether maintenance of the document under seal is opposed by any party; and

(4) a proposed order as an attachment.

Although he is proceeding *pro se*, Mr. Jabbari must still follow the Local Rules. He did not submit such a brief or identify any proper grounds for maintaining Dkt. 117 under seal. Moreover, the information in Dkt. 117 is reiterated in and among his many other public court filings. Mr. Jabbari has not identified good cause for maintaining Dkt. 117 under seal. Accordingly, the **Clerk is directed** to unseal the filing at Dkt. 117.

## B. <u>Remand</u>

To date, Mr. Jabbari has filed nine motions to remand his case back to state court (Dkts. 8, 16, 18, 23, 64, 84,[1] 95, 111, 118). Defendants removed this action based on diversity jurisdiction. As reflected in all of his complaints, Plaintiff Mr. Jabbari is a citizen of Indiana. And as alleged in their Notice of Removal and Supplemental Jurisdictional Statement, Defendants are all citizens of California (Dkt. 1 at 2–3; Dkt. 20 at 2–3). The Court does not consider the citizenship of the fifty "John Doe" defendants for purposes of removal. 28 U.S.C. § 1441(b)("[T]he citizenship of defendants sued under fictitious names shall be disregarded."). There is therefore complete diversity between Plaintiff and Defendants. The First Amended Complaint also seeks damages

---

[1] Dkt. 84 is styled as a stipulated motion, but Defendants did not stipulate or consent to remand. Jabbari is reminded that although he is not an attorney, he is prohibited by Federal Rule of Civil Procedure 11 from making misrepresentations to the Court. Violations of Rule 11 may warrant sanctions, including monetary sanctions and/or the dismissal of actions.

well in excess of the jurisdictional minimum of $75,000.00 (Dkt. 1 at 24 (seeking several million dollars in damages)).

Mr. Jabbari, however, argues that removal was improper because, among other reasons: Defendants failed to serve him with the Notice of Removal; Defendants failed to file the Notice of Removal in the state court; removal was untimely; Mr. Jabbari does not plead federal claims; the forum defendant rule bars removal; defendants did not all consent to removal; and "on information and belief," one defendant is a citizen of Indiana. These arguments are all undeveloped, conclusory, and unsupported by legal authority. More importantly, they are disproven by public records in the state court action and in this federal action (*e.g.*, Dkt. 1 at 2–4 (alleging California citizenship of all Defendants); Dkt. 20 at 4 (stating that all Defendants consented to removal)).

This Court has diversity subject-matter jurisdiction over this action, and Defendants timely and properly removed Mr. Jabbari's state court action to this Court on that basis. Accordingly, Mr. Jabbari's motions to remand are **denied**.

## C. <u>Dismissal or Transfer</u>

Defendants ask the Court to dismiss this lawsuit under Rule 12(b)(2) for lack of personal jurisdiction (Dkt. 12; Dkt. 13). Personal jurisdiction over an out-of-state defendant permitted by the Due Process Clause arises in two forms: general personal jurisdiction, which allows a court "to hear any and all claims against [out-of-state defendants] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State," *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)), and specific personal jurisdiction, which is "confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.*

The named Defendants are two California citizens (Parviz Omidvar and Oliver Omidvar), their former law firm (Hogan & Martin), and Hogan & Martin's California-based attorneys (Hogan, Holcomb, and Kartin). Defendants offer evidence that Hogan & Martin does not maintain an office in Indiana; has no employees based in, working in, or traveling to Indiana; does not own, use, or possess property in Indiana; does not transact business in Indiana; and does not employ any attorneys licensed to practice law in Indiana (Dkt. 13 at 6–7). Attorneys Hogan, Holcomb, and Kartin have likewise never conducted business in Indiana—Holcomb has never even visited Indiana. *Id.* at 7. As such, there is no basis for general personal jurisdiction over Defendants.[2]

To establish specific personal jurisdiction, the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (quoting *Int'l Shoe*, 326 U.S. at 316). "The contacts needed for this kind of jurisdiction often go by the name 'purposeful availment.'" *Spokane Kart Racing Ass'n v. Am. Kart Track Promoters Ass'n, Inc.*, 206 N.E.3d 462, 467 (Ind. Ct. App. 2023) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). In the case *Burger King Corp. v. Rudzewicz*, 471 U.S. at 472, the United States Supreme Court explained that "critical to due process analysis" is "foreseeability," specifically whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.* at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). An "individual's contract with an out-of-state party alone can[not] automatically establish sufficient minimum contacts in the other party's home forum," *id.* at 478, but a lack of physical contacts with a state cannot defeat

---

[2] Two additional defendants—Bodman PLC and Stephen Dunn—were added upon the filing of Jabbari's February 3, 2026 amended complaint (Dkt. 5). That amended complaint has been stricken pursuant to this Order. But in any event, neither of these defendants is a citizen of Indiana (Dkt. 20 at 2–3), and nothing indicates that this Court would have personal jurisdiction over those two defendants.

personal jurisdiction "[s]o long as a commercial actor's efforts are 'purposefully directed' toward residents of another State." *Id.* at 476. The Supreme Court also instructed lower courts to evaluate "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . in determining whether the defendant purposefully established minimum contacts within the forum." *Id.* at 479. Contacts that are "'random,' 'fortuitous,' or 'attenuated'" are insufficient to establish a forum state's jurisdiction over a defendant. *Id.* at 475 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984); *World-Wide Volkswagen*, 444 U.S. at 299).

As explained in Defendants' Motion to Dismiss, and confirmed by Mr. Jabbari's pleadings, this dispute has no ties to Indiana, so there is no basis for specific personal jurisdiction. In this action, Mr. Jabbari alleges that following a California state court lawsuit, Defendants have "engaged in a coordinated campaign of harassment, defamation, and intimidation intended to injure Plaintiff and prevent him from pursuing his legal rights." (Dkt. 1 at 22). This misconduct includes, for example, false statements made to the California state court. *Id.* Mr. Jabbari's First Amended Complaint also raises claims related to the contract that gave rise to the underlying California lawsuit—a contract that Mr. Jabbari and Parviz Omidvar executed in California. *Id.* In his 140-page response to Defendants' Motion to Dismiss, Mr. Jabbari clarifies that in this case, he does not just seek to relitigate his contract with Omidvar; instead, this lawsuit challenges an alleged pattern of multi-state fraud by Defendants (Filing No. 44). That may be, but there are no factual allegations nor any evidence tying Defendants or this action to the State of Indiana. The fact that Mr. Jabbari now lives in Indiana is not enough to warrant haling Defendants into an Indiana court.

The Court is empathetic to Mr. Jabbari's age and disabilities, but such conditions do not confer personal jurisdiction over defendants who lack sufficient minimum contacts with the forum

state. The Court concludes that it lacks personal jurisdiction over Defendants. As such, the Court need not address the venue issue. *See Comitz v. Rife*, 597 F.Supp.3d 1235, 1243 (N.D. Ill. 2022) (citing 28 U.S.C. § 1391(b)(3); *Matlin v. Spin Master Corp.*, 921 F.3d 701, 704 (7th Cir. 2019)).

Defendants ask the Court to dismiss the complaint for lack of personal jurisdiction, or, in the alternative, to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1406 (Filing No. 13 at 18). Having determined that this Court lacks personal jurisdiction over Defendants (and having declined to consider whether venue is proper), the Court instead evaluates whether transfer is appropriate under 28 U.S.C. § 1631.

"[W]hen federal courts find that they lack jurisdiction, they bear an independent obligation under § 1631 to consider whether to transfer the case." *North v. Ubiquity, Inc.*, 72 F.4th 221, 228 (7th Cir. 2023). Section 1631 provides the following in relevant part:

> Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed.

12 U.S.C. § 1631. A compelling reason for transfer exists where a claim would be time-barred if the plaintiff were forced to file his claim anew in the correct venue. *See Ubiquity, Inc.*, 72 F.4th at 228 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). Conversely, where the claims would not be time-barred, transfer is not required by the interest of justice. *See id.* (quoting *Danzinger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 133 (3d Cir. 2020)).

California's statute of limitations is four years for breach of contract, Cal. Civ. Proc. Code § 337(1); one year for defamation, Cal. Civ. Proc. Code § 340; two years for intentional infliction of emotional distress, Cal. Civ. Proc. Code § 335.1; three years for fraud, Cal. Civ. Proc. Code § 338(d); two years for malicious prosecution, Cal. Civ. Proc. Code § 335.1; and two years for civil rights violations, 42 U.S.C. § 1983; *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191,

1198 (9th Cir. 2014) (*see* Dkt. 1 at 21–31). Mr. Jabbari's claims appear to have accrued in 2024 (when he executed the contract with Parviz Omidvar) or 2025 (when the California state court lawsuit was filed). While California's statutes of limitations will likely not bar many of Mr. Jabbari's claims, they may bar some (like his defamation claim). The risk that some claims may be time-barred is heightened considering the evolving nature of Mr. Jabbari's allegations and legal theories. Moreover, because of Mr. Jabbari's stated age and disability and the likelihood of his wanting a swift resolution, the Court finds that transfer pursuant to 28 U.S.C. § 1631 would best serve the interest of justice.

Accordingly, the Court **denies** Defendants' request for dismissal and **grants** their alternative request for transfer pursuant to 28 U.S.C. § 1631.

### D.  <u>Remaining Pending Motions</u>

For clarity upon transfer, the Court identifies the few motions that remain pending following this Order: Plaintiff's Sealed Motion for *in Camera* Review (Dkt. 45); Plaintiff's Supplemental Notice, Judge Summary, and Motion to Strike (Dkt. 94); Plaintiff's Motion to Set Aside Default, Enlarge Time, Grant ADA Accommodations, and Show Cause (Dkt. 112); Plaintiff's Consolidated Motion for Clarification, ADA Accommodations, Enlargement of Time, and Stay (Dkt. 113), Notice of Emergency Motion (Dkt. 122), Motions for Default Judgment (Dkt. 120, 123), Emergency Motion for Disclosure, Clarification and Extension of Time (Dkt. 125) and Emergency Motion Regarding Bad-Faith Removal, TRO Interference and Denial of Due Process (Dkt. 127).

### E.  <u>Admonishment</u>

As a final matter, the issues a gentle admonishment. Since this case was removed to this Court on February 2, 2026, Mr. Jabbari has made approximately 91 filings. His submissions, notices and statements total over 1,000 pages (*See* Dkts, 27, 28, 30, 31, 33, 34, 35, 36, 37, 42, 53,

12

56, 59, 65, 66, 69, 75, 79, 87, 88, 93, 97, 98, 124, 126). As a *pro se* litigant, Mr. Jabbari may not be familiar with the concept of abuse of process—excessive, repetitive or frivolous filing is considered a form of abuse of process. *See McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006). Mr. Jabbari has filed numerous motions, and duplicative and repetitive filings in this action. His voluminous and repetitious motions have been a significant drain on the Court's ability to process and consider his case and those of many others with pending cases before the Court. Some of his motions may be meritorious, and a plaintiff is entitled to litigate his claims earnestly and receive the same attention and thoroughness the Court would afford any other party. But he is not entitled to monopolize a court's resources by repeatedly filing the same materials or raising the same issues—often before defendant is allowed to respond and the Court is able to issue a ruling.

"Every paper filed with the Clerk of Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989); *see also United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."). "District judges have the inherent authority to impose sanctions—including dismissal—when a litigant engages in conduct that abuses the judicial process." *White v. Williams*, No. 10- 2400, 423 F. App'x 645, 646 (7th Cir. June 7, 2011).

The Court recognizes that this matter is being transferred to the Central District of California. Like this Court, the U.S. District Court for the Central District of California imposes sanctions for excessive, frivolous, or vexatious filings under Federal Rule of Civil Procedure

11, 28 U.S.C. § 1927, and the court's inherent authority. The Court issues this admonishment to forewarn Mr. Jabbari that he should be cautious in the future with his filings.

## IV.    CONCLUSION

For the reasons stated above, the Court: **GRANTS** Defendants' Motion to Strike Amended Complaints Dkt. [52] and **STRIKES** Mr. Jabbari's amended complaints filed at Dkts. [5], [26], and [43]; **DENIES as moot** Mr. Jabbari's motions to correct the case caption Dkts. [96] and [117]; **DENIES** Mr. Jabbari's motions to remand Dkts. [8], [16], [18], [23], [64], [84], [95], [111], [118]; and **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss Dkt. [12], in that the Court **denies** their motion to dismiss but **grants** their alternative request for transfer.

The Court concludes that it lacks personal jurisdiction over Defendants and that transfer to the Central District of California would best serve the interests of justice. The **Clerk is directed** to **TRANSFER** this case to the Central District of California, Western Division, pursuant to 28 U.S.C. § 1631.

Further, the **Clerk is directed** to unseal the filing at Dkt. [117].

**SO ORDERED**.

Date:    4/1/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ALI MR. JABBARI
13421 Spring Farms Dr.
Carmel, IN 46032

Stephen Paul Dunn
Bodman Plc
sdunn@bodmanlaw.com

14