UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI JABBARI,<br>Plaintiff,<br>v.<br>PARVIZ OMIDVAR, *et al.*,<br>Defendants. | Case No. 2:26-cv-03553-FLA (DTBx)<br>**ORDER DENYING MOTIONS, DISMISSING DEFENDANTS, STRIKING FILINGS, AND ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED** |

## BACKGROUND

*Pro se* Plaintiff Ali Jabbari ("Plaintiff" or "Mr. Jabbari") initiated this action on January 7, 2026, by filing the Complaint in Indiana state court, asserting seven causes of action against Defendant Oliver Omidvar for: (1) defamation *per se*; (2) intentional infliction of emotional distress; (3) intentional interference with prospective business advantage; (4) civil conspiracy; (5) violation of Indiana Constitution art. I, § 12 and federal due process rights; (6) violation of Indiana Constitution art. I, § 23 and federal equal protection rights; and (7) declaratory judgment. Dkt. 1 at 9–20.[1]

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

On January 13, 2026, Plaintiff filed his First Amended Complaint ("FAC"), asserting eight causes of action against Defendants Oliver and Parviz Omidvar (the "Omidvars") and Defendants Lurie, Zepeda, Schmalz, Hogan & Martin LLP, and Steven L. Hogan (the "Attorney Defendants") for: (1) breach of contract against Parviz Omidvar; (2) defamation against all Defendants; (3) intentional infliction of emotional distress against all Defendants; (4) "civil rights violations & targeting based on disability" against all Defendants; (5) civil conspiracy against all Defendants; (6) fraud on the court against the Attorney Defendants; (7) "malicious prosecution/abuse of process" against the Attorney Defendants; and (8) "intentional interference with civil rights" against all Defendants. *Id.* at 21–31. Plaintiff subsequently filed multiple additional complaints, further amended complaints, and supplemental complaints throughout the remainder of January 2026. *Id.* at 32–194.

On January 30, 2026, the Omidvars removed Plaintiff's lawsuit to the United States District Court for the Southern District of Indiana ("Indiana District Court") on the basis of diversity jurisdiction. After the action was removed to the Indiana District Court, Plaintiff filed three additional amended complaints (Dkts. 5, 26, 43), and dozens of motions and amended filings.

On April 1, 2026, the Indiana District Court issued an Order (Dkt. 128): (1) granting Defendants' Motion to Strike Amended Complaints (Dkt. 52)—deeming the FAC to be the operative complaint and striking Plaintiff's subsequent pleadings, including all amended complaints filed in federal court as of the date of the Order (Dkts. 5, 26, 43); (2) denying Plaintiff's motions to remand (Dkts. 8, 16, 18, 23, 64, 84, 95, 111, 118); (3) granting in part and denying in part Defendants' Motion to Dismiss (Dkt. 12)—denying Defendants' motion to dismiss for lack of personal jurisdiction, but granting Defendants' alternative request for transfer; and (4) denying as moot Plaintiff's motions to correct the case caption (Dkts. 96, 117).

For clarity upon transfer, the Indiana District Court "identifie[d] the few motions that remain[ed] pending following [the] Order: Plaintiff's Sealed Motion for

*in Camera* Review (Dkt. 45); Plaintiff's Supplemental Notice, Judge Summary, and Motion to Strike (Dkt. 94); Plaintiff's Motion to Set Aside Default, Enlarge Time, Grant ADA Accommodations, and Show Cause (Dkt. 112); Plaintiff's Consolidated Motion for Clarification, ADA Accommodations, Enlargement of Time, and Stay (Dkt. 113), Notice of Emergency Motion (Dkt. 122), Motions for Default Judgment (Dkt. 120, 123), Emergency Motion for Disclosure, Clarification and Extension of Time (Dkt. 125) and Emergency Motion Regarding Bad-Faith Removal, TRO Interference and Denial of Due Process (Dkt. 127)." Dkt. 128 at 12.

Furthermore, the Indiana District Court "issue[d] a gentle admonishment," stating:

> Since this case was removed to this Court on February 2, 2026, Mr. Jabbari has made approximately 91 filings. His submissions, notices and statements total over 1,000 pages (*See* Dkts, 27, 28, 30, 31, 33, 34, 35, 36, 37, 42, 53, 56, 59, 65, 66, 69, 75, 79, 87, 88, 93, 97, 98, 124, 126). As a *pro se* litigant, Mr. Jabbari may not be familiar with the concept of abuse of process—excessive, repetitive or frivolous filing is considered a form of abuse of process. *See McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006). Mr. Jabbari has filed numerous motions, and duplicative and repetitive filings in this action. His voluminous and repetitious motions have been a significant drain on the Court's ability to process and consider his case and those of many others with pending cases before the Court. Some of his motions may be meritorious, and a plaintiff is entitled to litigate his claims earnestly and receive the same attention and thoroughness the Court would afford any other party. But he is not entitled to monopolize a court's resources by repeatedly filing the same materials or raising the same issues—often before defendant is allowed to respond and the Court is able to issue a ruling. …
>
> The Court recognizes that this matter is being transferred to the Central District of California. Like this Court, the U.S. District Court for the Central District of California imposes sanctions for excessive, frivolous, or vexatious filings under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent authority. The Court issues this admonishment to forewarn Mr. Jabbari that he should be cautious in the future with his filings.

*Id.* at 12–14.

On April 6, 2026, the action was transferred to this court. Dkt. 132. Since the transfer, Plaintiff has filed another amended complaint (Dkt. 169), along with dozens of duplicative and repetitive motions, notices, and other "emergency" filings—none of which comply with the procedural requirements set forth in the Local Rules, including Local Rules 6-1, 7-3, 7-4, 7-5, 7-18, 7-20, 11-3, 11-8, and which appear to have been created through the use of generative artificial intelligence ("AI") programs.[2]

## DISCUSSION

### I. The Indiana District Court's Rulings and Law of the Case

Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(1), "[a] party may amend its pleading once as a matter of course …." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiff has filed four amended pleadings without leave of the court since the action was removed to federal court (Dkts. 5, 26, 43, 169)—most recently on April 23, 2026, after the Indiana District Court struck Plaintiff's three prior amended pleadings. *See* Dkt. 128 at 6. Plaintiff additionally continues to file numerous duplicative and repetitive motions, notices, and other documents which raise the same issues previously addressed by the Indiana District Court in the April 1, 2026 Order (Dkt. 128).

When a court decides on a rule, it ordinarily should follow that rule during the pendency of the matter. *Pepper v. United States* 562 U.S. 476, 506 (2011) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.") (cleaned up). This "law of the case"

---

[2] Plaintiff's filings bear hallmarks often associated with the use of generative AI programs, including the prompts Plaintiff used to generate results from these programs, tonal and textual inconsistencies, and the inclusion of fabricated and unsubstantiated (commonly referred to as "hallucinated") legal authorities.

doctrine only applies where the issue in question was "decided explicitly or by necessary implication in the previous disposition." *United States v. Lummi Indian Tribe* 235 F.3d 443, 452 (9th Cir. 2000) (cleaned up).

Here, the Indiana District Court expressly ruled on the matters presented by Plaintiff in his duplicative and repetitive filings, admonished Plaintiff regarding his abusive conduct, and "forewarn[ed] Mr. Jabbari that he should be cautious in the future with his filings." Dkt. 128 at 14.

Accordingly, the court ADOPTS the Indiana District Court's Order deeming Plaintiff's FAC, filed on January 13, 2026 in the Indiana state court (Dkt. 1 at 21–31), to be the operative complaint. Dkt. 128 at 6. The court further DENIES Plaintiff's subsequent motions to remand and requests to correct the case caption (Dkts. 143, 144, 175, 198, 226, 237, 238, 244, 245, 246, 247, 248, 249, 250, 252, 253, 254, 255, 260, 261, 263, 264, 265, 266, 270, 277, 280, 284, 286, 287, 288, 292, 299, 300, 301); DENIES as moot Plaintiff's notices, requests, and motions to correct the case captions (Dkts. 188, 196, 219, 220, 221, 224, 225, 226, 229, 237, 238, 241, 244, 245, 246, 247, 248, 249, 250, 252, 253, 254, 255, 260, 261, 263, 264, 265, 266, 270, 277, 286, 292, 294, 295, 299, 300, 301); and DENIES Plaintiff's motion to reconsider transfer (Dkts. 153, 175). Finally, the court DISMISSES M. Damien Holcomb, Rachel Kartin, Bodman PLC, and Stephen P. Dunn from the action, as these individuals and entities were not named as Defendants in the FAC or properly added to the action.

## II. Plaintiff's Failure to Comply with Local Rules

*Pro se* litigants are expected and required to familiarize themselves and comply with all applicable rules of court and procedure, including this court's local rules and orders. Local Rule 1-3 ("Persons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applies to parties pro se unless the context requires otherwise."); Local Rule 83-2.2.3 ("Any person appearing *pro se* is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P."). Violations of this court's rules and orders may result in

the imposition of sanctions, up to and including the dismissal of the action. Local Rule 83-2.2.4.

Plaintiff is ORDERED to ensure all future filings strictly comply with the Local Rules, including without limitation: Local Rule 6-1, regarding mandatory motion filing timelines; Local Rules 7-3 and 7-4, regarding mandatory pre-filing meet and confer requirements and corresponding declarations; Local Rule 7-5, which states the necessary components of moving papers; Local Rule 7-18, which limits motions for reconsideration to specific showings of new facts, new law, or manifest error; Local Rules 7-19 and 7-19.1, which state the requirements for bringing an *ex parte* application; Local Rule 7-20, regarding the submission of proposed orders on motions and applications; and Local Rules 11-3 and 11-8, which establish strict document formatting standards, including requirements for tables of contents and authorities for briefs exceeding ten pages in length.

**III. Plaintiff's Abusive and Harassing Conduct, and Rule 11 Sanctions**

Rule 11 states in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1).

"Federal Rule of Civil Procedure 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of S. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). Under Rule 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting documents to the court that are frivolous, legally unreasonable, without factual foundation, or filed for an improper purpose. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996); *see also* Fed. R. Civ. P. 11(b).

As stated, Plaintiff has filed multiple versions of the same documents, which do not comply with the Local Rules and appear to be AI generated.[3] The court admonishes Plaintiff for his pattern of voluminous and repetitious motions and other filings, which have imposed a significant burden on the court's resources to manage and consider this case. While some of these filings may raise valid arguments and have merit, and Plaintiff is entitled to litigate his claims earnestly, he is not entitled to engage in abusive and harassing conduct and needlessly increase the costs of litigation by repeatedly filing the same materials or raising the same issues—often before Defendants have had a reasonable opportunity to respond and the court is able to issue a ruling. Plaintiff's conduct is further compounded by his failure to comply with the requirements of the court's standing orders and Local Rules.

---

[3] Plaintiff is reminded that generative AI tools are known to "hallucinate" and fabricate legal citations and case law that do not exist or are incorrectly applied. Plaintiff bears the duty to verify the accuracy, existence, and validity of every legal citation and reference submitted to the court, and is warned that the submission of false, fabricated, and AI "hallucinated" legal authorities <u>will</u> result in the imposition of sanctions, which could include: (a) monetary sanctions to compensate Defendants for any and all attorney's fees and costs reasonably incurred in responding to documents that contain such statements; (b) monetary sanctions exceeding $1,000 payable to the court; and sanctions under Rule 11(b).

Given the harassing and abusive nature of the duplicative filings, the procedural deficiencies, the uncertainty as to which of these documents are intended to be the operative versions, and the unreasonable burden put on Defendants and the court, the court STRIKES all documents filed by Plaintiff since the action was transferred to this court, including Plaintiff's Oppositions to Defendants' Motion to Dismiss (Dkts. 216, 217, 218). Plaintiff may file a single Opposition to Defendants' Motion to Dismiss (Dkt. 159), within fourteen (14) days of the date of this Order, and may refile one version of each of his motions within twenty-eight (28) days of this Order. Any amended, supplemental, or duplicative documents that Plaintiff files following the filing of a single, new version of his motions and Opposition to Defendants' Motion to Dismiss (Dkt. 159) shall be stricken summarily. Defendants may respond to any such amended, supplemental, or duplicative filings with an objection identifying all such filings by name and docket number, and noting they were filed in violation of this Order. Upon the filing of an objection, Defendants shall be excused from responding to such filings substantively unless directed to do so by this court.

The court also ORDERS Plaintiff to Show Cause ("OSC") in writing, on or before August 17, 2026, why sanctions should not be imposed, pursuant to Federal Rule of Civil Procedure Rule 11 and the court's inherent authority, for his harassing and abusive conduct to date, in violation of the Indiana District Court's admonition. Such sanctions may include: (1) monetary sanctions payable to Defendants of all reasonable attorney's fees and costs incurred by Defendants due to Plaintiff's harassing and abusive conduct; (2) monetary sanctions in excess of $1,000, payable to the court; (3) issue preclusion; and (4) terminating sanctions. Plaintiff's response shall specifically address: (1) why Plaintiff has not complied with the Indiana Court's Order and admonishment; (2) why Plaintiff's filings are not sanctionable under Rule 11(b); and (3) why Plaintiff should not be sanctioned for his repeated failure to comply with the Local Rules.

Plaintiff is advised that failure to file a response to the OSC timely may result in the imposition of sanctions, including monetary sanctions or the dismissal of the action without further notice from the court. The court, again, emphasizes that all filings must comply with the Federal Rules of Civil Procedure, the Local Rules, and the court's orders—which include all procedural requirements stated in the court's standing orders.

IT IS SO ORDERED.

Dated: August 3, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge